On the Merits — Statement of the Case.
MONROE, C. J.
It is alleged by plaintiff that, as the attorney of the defendant Linn, he received from certain notaries, in October, 1915, the sum of $1,058.24; that thereafter Linn and the defendant Derbes (calling at his office together) informed him that Derbes had agreed to sell Linn a piece of real estate at Lakeview, and directed him to retain in his hands the balance to remain from said sum after paying various amounts as directed by them, said balance to be attributed in part payment of the purchase price of said real estate, upon the giving by Derbes of a clear title thereto, guaranteed by the Louisiana Abstract & Title Guarantee Company; that, by direction of said parties, he has paid certain sums, which he enumerates, aggregating $488.85 (including $112.50 paid Derbes), and holds a balance of $569.39, which Linn has demanded, but that Derbes has notified him not to pay it to Linn, alleging that the agreement for the sale of the property is still in force. Wherefore, he deposits said balance and prays that the disputants be cited to interplead and litigate and that he be discharged, with his costs.
Linn, by way of answer, alleges that in August, 1915, he agreed to enter into a written contract with Derbes to buy certain lots at Lakeview upon Derbes, who represented himself to be the owner, agreeing to give a clear title, guaranteed by the Title Guarantee Company, and that it was his intention to use any balance that might be in the hands of Torjusen as a payment on the purchase price; that the agreement in question was, however, never signed by Derbes, and remains inchoate; that Derbes was not the owner of the real estate which was the subject thereof, and was unable to furnish the title thereby contemplated; and that, after repeatedly demanding the same, he notified both Derbes and Torjusen that the whole agreement was off, and that he would not take the property because of the delay in the delivery of the title. He further alleges that the only agreement between him and Derbes with reference to the real estate in question was verbal, and that Torjusen was aware of that fact; that he was without right or authority to deposit the money in dispute in court, since it belongs to appearer and was placed in his hands only as a *357 matter of convenience and not as earnest money; and that appearer would be unable to enforce the provisions of C. O. 2463, even if Derbes had signed an agreement to sell (Derbes not being the owner of the property). 1-Ie prays to be decreed the owner of the fund on deposit, and that the clerk of the court be ordered to deliver it to him.
Derbes, answering, alleges that he agreed in writing to sell Linn the property in question for $6,400; that, as part of said agreement, he was to purchase from Linn certain other real estate, for $1,250, which was to be deducted from, as paid on, the $6,400; that he was to allow Linn $300 for repairs on the property sold to him; that subsequently, instead of his making the purchase from Linn, it was agreed that Linn should deposit $1,500 in the hands of Torjusen, but that “the full sum of $1,500 was not so deposited, because Linn took certain amounts out of the cash, and there remains only the sum deposited in court, $569.39, which sum of money is the property of your respondent, as part of the purchase price.” He further alleges that the sale to Linn was complete; that he took possession of the property, made alterations in it, leased it, and collected the rent; that respondent, whilst dealing with him, had a full power of attorney from George Generes, in whose name the property stands, which power, in writing, is attached to the deed now tendered to Linn. He also alleges that he annexes the written agreements made with said Linn and dated August 5, 1915. He prays that he be decreed the owner of the fund on deposit, and that Linn be condemned in addition to pay him $5,531 with interest and with vendor’s privilege on the property in dispute.
Opinion.
[2, 3] Derbes alleges in his answer “that your respondent, whilst acting in his own name, had the full power of attorney of George Generes, in whose name the property stands,” which is an admission that at the date of the alleged agreement “in writing” between him and Linn, the title to which that agreement is said to refer was not vested in him, and hence that he could not, by virtue of any right in himself, have conveyed it to Linn. On the other hand, he himself shows that his allegation is untrue, since the date of his alleged agreement in writing is August 3, 1915, and he has filed in the record what purports to be the power of attorney from George Generes, which bears date December 8, 1915, the day upon which he filed his answer. Beyond that the alleged agreement in writing is no agreement at all. It is an instrument which Derbes is shown to have brought to Torjusen, with the request that he obtain Linn’s signature, which Torjusen did; but, though it purports to be an agreement on the part of Derbes to “deliver” to Linn “lot No. 15-16, sq. 390, measuring 64 x 120, together with all improvements thereon,” it was not signed by Derbes, for the excellent reason (it may be assumed) that, not being the owner of the property in question (if by the description that property was intended), and having then no authority from the owner, he felt a delicacy in assuming in writing to dispose of it. The instrument does not, however, identify the property described as that here in question, since it fails to specify even the planet or continent upon which “lot 15-16, sq. 390,” may be situated. It is said that a verbal agreement for the sale of immovable property is enforceable between the parties, which is true in a case where the party assuming to sell is the owner, or is authorized by the owner to make the sale, and the other party admits the purchase when interrogated under oath and goes into possession, but that rule has no application to an alleged sale which is void for lack of capacity in the pretended vendor to make it, or is voidable because of his *359 failure to comply with its conditions, which is the case that we have here, since Derbes not only admits that he had no capacity or authority at the date of the alleged agreement to make the sale, but he also admits in his testimony that up to the date of the trial he was unable to obtain the requisite guaranty of the title, the reason assigned by him being that Linn had not paid the price which he needed in order to enable him to relieve the property of the mortgage by which it was incumbered; and yet, according to the alleged agreement, Linn was under no obligation to pay the price until an unincumbered and guaranteed title was tendered to him. There was judgment in the district court in favor of Linn (and of Torjusen as to his demand), and, finding no error therein, that judgment is affirmed.